RECEIPT NUMBER
518364

ORIGINAL

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNELLA RICHMOND MOSES, Personal
Representative of the Estate of
MARIE MOSES IRONS, deceased

            Plaintiff,

JUDGE : Taylor, Anna Diggs
DECK : S. Division Civil Deck
DATE : 12/15/2004 @ 16:34:40
CASE NUMBER : 2:04CV74889
CMP JOHNELLA RICHMOND MOSES V
PROVIDENCE HOSP MED CTRS INC
(DH)

vs.

PROVIDENCE HOSPITAL AND MEDICAL
CENTERS, INC., a domestic nonprofit corporation.

            Defendant.

MAGISTRATE JUDGE VIRGINIA M. MORGAN

FILED '04 DEC 15 P4:41
U.S. DIST. COURT CLERK
EAST. DIST. MICH
DETROIT-DSC

_____/

JOSEPH C. SMITH (P25480)
JULIE A. GIBSON (P34619)
Smith & Gibson, P.C.
Attorney for Plaintiff
28411 Northwestern Hwy., Ste. 1275
Southfield, MI 48034
(248) 353-0600
_____/

LAW OFFICES
SMITH & GIBSON, P.C.
SUITE 1275
28411 NORTHWESTERN HIGHWAY
SOUTHFIELD, MICHIGAN 48034
(248) 353-0600

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

      Plaintiff, **JOHNELLA RICHMOND MOSES**, Personal Representative of the Estate of Marie Moses Irons, deceased (hereinafter referred to as **"plaintiff"**), through her attorneys, **SMITH & GIBSON, P.C.**, files this Complaint against the above-referenced defendant, stating as follows:

## JURISDICTIONAL AVERMENTS

1. At all times relevant herein, plaintiff, the duly appointed Personal Representative of the **Estate of Marie Moses Irons**, her deceased daughter, (hereinafter **"plaintiff's decedent"** or **"Ms. Moses Irons"**) was a resident of the County of Oakland, State of Michigan.

2. At all times relevant herein, defendant, **Providence Hospital and Medical Center, Inc.** (hereinafter **"Providence Hospital"** or **"the hospital"**), was a Michigan corporation holding itself out as a full-service medical facility, available to treat patients such Christopher Walter Howard (hereinafter **"Howard"**), the husband of plaintiff's decedent. **Providence Hospital** is located in the City of Southfield, County of Oakland, State of Michigan, and is a "participating hospital" within the meaning of 42 USC §1395dd(e)(2).

3. At all times pertinent herein, Providence Hospital had an emergency department, including ancillary psychiatric and/or behavior medicine services that were routinely available to the emergency department, capable of providing an appropriate medical screening examination and care to stabilize an individual's emergency medical condition.

4. This action is based upon a violation of the Emergency Medical Treatment and Active Labor Act, 42 USC 1395dd, et. seq. (hereinafter the "EMTALA" or "The Act")

2

and the amount in controversy otherwise exceeds the minimal jurisdiction amount of the court.

## GENERAL AVERMENTS

5. On December 13, 2002, Christopher Walter Howard arrived at the emergency room of Providence Hospital located in Southfield, Michigan. A request for emergency examination and treatment was made for Howard because he was exhibiting signs and symptoms of acute mental illness, which included disorientation, severe, emotional and psychiatric changes. Howard's illness was also manifested by physical changes including, high blood pressure, nausea and vomiting.

6. Howard was seen in the emergency room and received treatment for his physical complaints. During his hospital stay, upon information and belief, defendants' physicians, Dr. Paul Lessem (hereinafter **"Dr. Lessem"** and Dr. Mitchell Djenada, (hereinafter **"Dr. Djenada"**) and Margaret Miller, BSN (hereinafter **"Nurse Miller"**) evaluated Howard to determine if he suffered from a psychiatric illness that required medical treatment. In addition, other health care professionals, in the fields and specialties identified above, (hereinafter **"other treating professionals"**) and who are unknown to plaintiff, but known to Providence Hospital, Dr. Lessem, Dr. Djenda, and/or Nurse Miller, also were involved in evaluating Howard to determine if he suffered from a psychiatric illness that required medical treatment.

7. Dr. Lessem, Dr. Djenada, Nurse Mitchell and/or the other treating professionals received information indicating that Howard had an emergency medical condition and was an individual in need of in-hospital, psychiatric screening and care. On December 13, 2002 and thereafter, Dr. Lessem, Dr. Djenada, Nurse Mitchell and/or the other treating professionals received information indicating that Howard was a threat to and/or had made threats of physical harm to his wife, Marie Moses Irons, and other family members.

8. While in the hospital, Howard's psychiatric condition continued to deteriorate, which continued to include threats against family members, bizarre and psychotic behavior.

9. Upon information and belief, Dr. Lessem, Dr. Djenada, Nurse Mitchell and/or the other treating professionals were involved in a decision to transfer Howard from a hospital, medical floor to the secure, psychiatric unit of Providence Hospital, because they knew and/or had determined that: a) Emergency medical services were sought for Howard; b) Howard was an individual with an emergency medical condition who required immediate and emergent psychiatric, screening and treatment in a hospitalized, secured unit to stabilize his medical condition; and c) Howard's psychiatric condition would substantially deteriorate, if such immediate and emergent psychiatric treatment was not rendered to stabilize his condition before his discharge.

10.  In connection with that decision, defendants, Dr. Lessem, Dr. Djenada, Nurse Mitchell and/or other treating and/or involved professionals, contacted Howard's insurance carrier to determine the availability of insurance coverage for his necessary psychiatric screening and care. Howard's insurance company advised Providence Hospital that there would be no coverage. Howard's transfer to the psychiatric care unit did not occur. He received no treatment to stabilize his emergency medical condition.

11.  On December 19, 2002, Howard was discharged from the hospital. At the time of Howard's discharge, Dr. Lessem, Dr. Djenada, Nurse Mitchell and/or the other treating professionals knew, and should have known, that Howard required immediate and emergent, in-hospital, psychiatric care and treatment. Upon information and belief, defendants were aware that Howard made specific threats to harm Marie Moses Irons, and other family members. Upon information and belief, defendants were aware that Howard had the desire, intent and means to carry out the threat. However, no effort was made to treat or stabilize Howard's psychiatric condition before his discharge.

12.  After being discharged from Providence Hospital with an acute psychiatric disorder that had not been stabilized, Howard murdered his wife, Marie Moses Irons, on December 29, 2002.

## COUNT I
### Violation of 42 USC 1395dd, et seq.
### (December 19, 2002)

13. Plaintiff repeats the averments in paragraphs 1 through 12 by reference, as if fully set forth herein.

14. Under the Emergency Medical Treatment and Active Labor Act, 42 USC 1395dd, if an individual comes to a hospital and the hospital determines that the individual has an "emergency medical condition" within the meaning of the Act, the hospital must provide appropriate emergency medical screening and if it determines that an individual suffers from an emergency medical condition, provide such treatment as may be required to stabilize the medical condition before transfer or discharge of the individual, as provided by the Act.

15. The term "emergency medical condition" as used in the Act means a medical condition manifesting itself by acute symptoms of sufficient severity such that the absence of immediate medical attention could reasonably be expected to result in placing the individual's health in serious jeopardy; serious impairment to bodily functions; or serious dysfunction of any bodily organ, and includes a psychiatric condition.

16. Under the Act, a medical condition is "stabilized" when no material deterioration of the condition is likely, within reasonable medical probability, to result from or occur during the transfer, or discharge, of the individual from a facility.

6

17. Under the Act, a participating hospital may not delay provision of an appropriate medical screening examination, or further medical screening examination and treatment necessary to stabilize the emergency medical condition in order to inquire about the individual's method of payment or insurance status.

18. Under the Act, any individual who suffers personal harm as a direct result of a participating hospital's violation of the Act may obtain damages for personal injury from the participating hospital.

19. Marie Moses Irons and the Estate of Marie Moses Irons have sustained personal harm as a direct result of Providence Hospital's violation of provisions of the Act.

20. On December 19, 2002, at the time of his discharge from Providence Hospital, Howard had an "emergency medical condition" within the meaning of the EMTALA. His "emergency medical condition" included, but was not limited to: acute, severe, emotional and psychiatric changes including disorientation, threats against family members, and other reported bizarre and psychotic behavior, which was also accompanied by physical changes like nausea and vomiting.

21. On December 19, 2002, Providence Hospital owed duties to Howard and Marie Moses Irons to: a) provide Howard with screening and treatment that was in compliance with the EMTALA; 2) refrain from discharging him in violation of the

7

EMTALA; and 3) avoid personal harm to Marie Moses Irons as a result of violation of the Act.

22. Providence Hospital breached its legal duties under EMTALA and is liable to the Estate of Marie Moses Irons, based on the following:

   a. After determining that Howard had an emergency medical condition, the hospital discharged Howard without conducting additional screening of his emergency, psychiatric medical condition, and without stabilizing his emergency, psychiatric medical condition;

   b. The hospital's decision to discharge Howard without stabilizing his emergency medical condition was based in whole, or in part, on his method of payment for the services and his health insurance status;

23. At all times pertinent herein, defendant had the capabilities to stabilize Howard's emergency condition before his discharge, but failed to do so.

24. As a direct and proximate result of Howard's discharge in an unstable psychiatric state, in violation of the EMTALA, Howard murdered his wife, Marie Moses Irons, on December 29, 2002.

**DAMAGES**

As a result of the acts and omissions of Providence Hospital as stated herein, Marie Moses Irons endured direct personal harm, resulting in her death. In addition to plaintiff, Marie Moses Irons is survived Gregory Ocie Irons and Christopher Walter Howard, Jr., her children, and Valarie Moses-Adams and Michael Moses, her siblings all of whom, as a

direct and proximate result of defendant's violation of the EMTALA, have been deprived of her society, companionship and other economic losses.

## RELIEF SOUGHT

**WHEREFORE**, plaintiff demands judgment against defendant in whatever amount plaintiff is found to be entitled, together with interest, costs and attorneys fees.

SMITH & GIBSON, P.C.

By: _____
JULIE A. GIBSON (P34619)
28411 Northwestern Hwy., Ste. 1275
Southfield, Michigan 48034
(248) 353-0600

Dated: December 15, 2004

## DEMAND FOR TRIAL BY JURY

Plaintiff, Johnella Moses, Personal Representative of the Estate of Marie Moses-Irons, deceased, through her attorneys, **SMITH & GIBSON, P.C.**, and hereby demands a trial by jury in the above-entitled cause.

SMITH & GIBSON, P.C.

By: _____
JULIE A. GIBSON (P34619)
28411 Northwestern Hwy., Ste. 1275
Southfield, Michigan 48034
(248) 353-0600

Dated: December 15, 2004

74889  04-74889

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JOHNELLA RICHMOND MOSES, Personal Representative of the Estate of MARIE MOSES IRONS, deceased

**DEFENDANTS**
PROVIDENCE HOSPITAL and MEDICAL CENTERS, INC.

(b) County of Residence of First Listed Plaintiff: OAKLAND 26125
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: OAKLAND
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Smith & Gibson, P.C., 28411 Northwestern Highway, Suite 1275, Southfield, Michigan 48034 (248) 353-0600

Attorneys (If Known)
ANNA DIGGS TAYLOR
MAGISTRATE JUDGE VIRGINIA M. MORGAN

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

890

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Emergency Medical Treatment and Active Labor Act, 42 USC 1395 dd, et seq.
Brief description of cause:
Personal harm resulting from hospital discharge in violation of EMTALA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___ DOCKET NUMBER ___

DATE: 12/15/2004
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes: _____