UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALERIE MOSES, Personal
Representative of the Estate of
MARIE MOSES IRONS, Deceased,

            Plaintiff,

Case No. 04-74889
Hon. Avern Cohn

v.

PROVIDENCE HOSPITAL AND
MEDICAL CENTERS, INC., a
Domestic Nonprofit Corporation,

            Defendant.

_____/

## SCHEDULING ORDER

I.

This is an cases under the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. §1395dd.

II.

The Court held a hearing on the record on the motions *in limine* on August 24, 2011. The rulings on the motions at the hearing stand as the orders on the motions.

III.

A jury trial is scheduled to begin on Monday, September 12, 2011. The Court will hold a Final Pretrial Conference on Wednesday, August 31 at 10:00am. At the conference, the parties will lodge with the Court the following:

1. A free-standing list of witnesses to be called to testify at trial, separately describing which witnesses will be called, and which witnesses may be called. The lists of the witnesses in the Joint Final Pretrial Order (Doc. 187), entered July 15, 2011, appears to be excessive.

2. A list of exhibits numbered for trial, together with a book of such exhibits. The lists of exhibits in the Joint Pretrial Order (Doc. 187), entered July 15, 2011, appears to be excessive. (The parties may retrieve the books of exhibits currently lodged with the Court to minimize reproduction expenses.)

3. The parties shall promptly exchange transcripts of the deposition testimony intended to be read at trial.

4. The Court will consider objections to the witnesses listed, and the numbered exhibits at the Conference. Listed exhibits are considered authentic and arguably relevant unless objected to at the Conference.

5. The parties have filed a multitude of papers relating to jury instructions (Docs. 180, 181, 213 and 214). The papers are not easy to understand. Accordingly, plaintiff shall promptly lodge with the Court, with a copy to defendant, a draft of the proposed jury instructions on the law of the case, in separately numbered paragraphs. Defendant shall lodge with the Court thereafter, with a copy to plaintiff, a draft of such instructions with additions, deletions or modifications as to each numbered instruction in plaintiff's draft. Plaintiff's draft of the jury instructions and the defendant's additions, deletions or modifications shall be integrated into a single document to be jointly submitted, so that each numbered paragraph contains plaintiff's proposed instructions and defendant's response.

6. Plaintiff's proposed verdict form (Doc. 182) appears to be a mixture of a general verdict together with written questions, Fed. R. Civ. P. 49(b). The general verdict is not clearly stated. Accordingly, the plaintiff shall revise the proposed verdict form to clearly delineate between the general verdict and the written questions. The Court will consider objections, if any, by defendant at the August 31 conference.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 25, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 25, 2011, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160